813 F.2d 404
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward Brown WILLIAMS, Appellee,
v.
LAW BOOKS, LTD., a Maryland Corporation, Defendant,
and
Carl B. Frushon, d/b/a Law Books Ltd., Appellant.
 No. 86-3510.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Jan. 9, 1987.
 
 Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.
 Michael I. Gilbert (Gilbert & Babus, P.A. on brief) for Appellant; Daniel Orci, Jr. (Edward Brown Williams on brief) for Appellee.
 PER CURIAM:
 
 
 1
 The defendant, Carl B. Frushon, appeals from a judgment against him in this action for breach of contract. The district court entered judgment against Frushon and his apparently wholly-owned corporation when a settlement agreement made in this case was breached. Because the settlement agreement precluded judgment against Frushon, the judgment was inappropriately entered as to him. We vacate and remand.
 
 
 2
 The plaintiff, Edward Brown Williams, an attorney agreed to sell some law books and office furniture to Law Books, Ltd., a Maryland corporation. Frushon, President and apparently the sole owner of Law Books, Ltd., took possession and control of these goods, but failed to pay for them. Williams brought this action to recover on his contract of sale and named both "Law Books, Ltd., a Maryland corporation" and "Carl B. Frushon, d/b/a Law Books, Ltd." as defendants.
 
 
 3
 Williams, Law Books, Ltd., and Frushon subsequently entered a settlement agreement under which Law Books, Ltd. consented to a judgment against it in the event it did not complete payment pursuant to the contract of settlement.[1] The settlement agreement expressly excluded "any obligation of the defendant Carl Frushon ... [or] any present dismissal of the defendant Carl Frushon" but requested an "abatement of any activity against him pending full performance of the settlement agreement by Law Books, Ltd."
 
 
 4
 When Law Books, Ltd. defaulted on payment under the settlement agreement, the court reopened the case and entered judgment for Williams against "Law Books Ltd. and Carl B. Frushon d/b/a Law Books Ltd." The court denied Frushon's motion to vacate the judgment against him as an individual, from which Frushon now appeals. Law Books Ltd. does not appeal.
 
 
 5
 In acknowledging plaintiff's motion, the court expressed its understanding of the settlement agreement: "The original agreement provided that judgment could be entered against Law Books Ltd. and Carl B. Frushon, d/b/a Law Books, Ltd. but not as to Carl B. Frushon, individually." Defendants' attorney at once responded that judgment might be entered against Law Books, Ltd., but did not mention a judgment by consent against Frushon. Nevertheless, the court entered judgment against both Law Books, Ltd. and Frushon.
 
 
 6
 We are of opinion the court mistakenly understood the settlement agreement's reference to Law Books, Ltd. to mean both the corporation and the assumed business name of Frushon as well as Frushon as an individual. Since Frushon expressly excluded himself as an individual from the agreement, and the phrase "Carl B. Frushon, d/b/a Law Books, Ltd." may only seek judgment against Frushon in his individual capacity, the court should not have drawn a distinction between Frushon d/b/a Law Books, Ltd. and Frushon as an individual, holding the former liable but not the latter.
 
 
 7
 The fact that Frushon was doing business as Law Books, Ltd. does not create a separate entity, and the court's distinction between Carl B. Frushon individually and Carl B. Frushon d/b/a Law Books, Ltd. is not supported by the record which clearly indicates the exclusion of Frushon as an individual from the terms of the settlement agreement.
 
 
 8
 Accordingly, we vacate the judgment against "Carl B. Frushon d/b/a Law Books, Ltd." and remand for further proceedings in the plaintiff's action against him.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 The memorial of the settlement agreement consists of letters to the court from the attorneys. The defendant corporation and the individual defendant were represented by the same attorney who had entered his appearance for both